apply the Uniform Code of Corrections to the case at bar. The statute sets out a *suggested* minimum in the case of murder, 14 years, and in the case of armed robbery (a Class I felony), 4 years. The court is granted discretion to set a higher minimum term by considering "the nature and circumstances of the offense and the history and character of the defendant." The trial judge had an opportunity, superior to ours, "in the course of the trial and hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed * * *." (*People v. Taylor* (1965), 33 Ill.2d 417, 424, 211 N.E. 2d 673, 677; *People v. Adams* (1969), 113 Ill.App.2d 205, 220, 252 N.E.2d 35,43.) In view of the very violent nature of the crimes committed, we feel that the trial court in sentencing defendant was acting well within the discretion conferred by the statute, and that this is not an appropriate case for this court to exercise its power to reduce the sentence.

The judgment is affirmed.

Affirmed.

DRUCKER, P. J., and ENGLISH, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDMUND PAPANNI, Defendant-Appellant.

(No. 11950;

Fourth District—July 12, 1973.

Opinion by Mr. JUSTICE SIMKINS.

Albert F. Manion, of Defrees, Fiske, Voland, Alberts & Hoffman, of Chicago, for appellant.

James R. Burgess, Jr., State's Attorney, of Champaign, (Robert G. Frederick, Assistant State's Attorney, and Robert Park and Joel Halper, Senior Law Students, of counsel,) for the People.